■ In the Matter of the Estate of Francis V. DiCorcia, Jr., Deceased. Eric DiCorcia, Respondent; Mark Anthony DiCorcia et al., Appellants. [827 NYS2d 170]—

In a contested probate proceeding, the objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Dutchess County (Pagones, S.), dated May 27, 2005, as, upon an order of the same court dated May 27, 2005,

granting, inter alia, the cross motion of Eric DiCorcia, the proponent of the will of Francis V. DiCorcia, Jr., also known as Francis Victor DiCorcia, Jr., dated March 14, 2001, for summary judgment dismissing the objections to probate of the will, dismissed the second objection alleging that the decedent lacked testamentary capacity, and the fourth objection to the extent that it alleged that the will was procured through the exercise of undue influence, and admitted the will to probate. The notice of appeal from the order is deemed to be a notice of appeal from the decree (see CPLR 5512 [a]).

Ordered that the decree is affirmed insofar as appealed from, with costs.

The Surrogate's Court properly determined that the proponent met his prima facie burden of establishing that the decedent understood the nature and consequences of making a will, knew the nature and extent of his property, and knew those who would be considered the natural objects of his bounty (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Weltz, 16 AD3d 428 [2005]; Matter of Gerdjikian, 8 AD3d 277 [2004]). In opposition, the objectants failed to raise a triable issue of fact as to whether the decedent lacked testamentary capacity (see Matter of Rosen, 291 AD2d 562, 562 [2002]; see also Children's Aid Socy. of City of N.Y. v Loveridge, 70 NY 387 [1877]; Matter of Hedges, 100 AD2d 586 [1984]). Accordingly, the second objection alleging lack of testamentary capacity was properly dismissed.

The Surrogate's Court also properly granted summary judgment dismissing the fourth objection to the extent that it alleged undue influence. In opposition to the proponent's prima facie showing, the objectants failed to sustain their burden of raising a triable issue of fact as to whether undue influence was exercised upon the decedent (see Matter of Bustanoby, 262 AD2d 407 [1999]).

Further, the objectants failed to establish that facts essential to oppose the cross motion were within the exclusive knowledge of the proponent (see CPLR 3212 [f]; Pearsall v Saracco, 305 AD2d 650 [2003]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.