■ In the Matter of the Estate of RUTH ZIRINSKY, Deceased. ROBERT ZIRINSKY, Respondent; LINDA ZIRINSKY GILBERT et al., Appellants. GARY B. FREIDMAN, Nonparty Appellant; MICHAEL K. FEIGENBAUM, Nonparty Respondent. [841 NYS2d 637]—

In a contested probate proceeding, the objectants, Linda Zirinsky Gilbert and Jill Zirinsky Hirsch, appeal, and Gary B. Freidman, as guardian ad litem for Julia Francis Hirsch, Emily Margaret Hirsch, Kate Lauren Hirsch, Benjamin Samuel Gilbert, and Zachary William Gilbert, separately appeals, from a decree of the Surrogate's Court, Nassau County (Riordan, J.), dated December 6, 2005, which granted the proponent's motions for summary judgment dismissing the objections to

probate, denied the objectants' cross motion for additional discovery, and admitted the will to probate.

Ordered that the decree is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The objectants in this probate proceeding are the daughters of the decedent, Ruth Zirinsky. They contend that their brother, Robert Zirinsky, the proponent of the decedent's will, exercised undue influence over the decedent to induce her to depart from her longstanding estate plan which treated all three children equally, and to instead execute a new will in which she exercised a testamentary power of appointment in such a way that the proponent would receive 50% of the family business and affiliated interests, and the objectants would each receive 25%. The decedent explained in a letter to her children that accompanied the will that she loved them "all equally," but had made the difficult decision that it was "both equitable and in the long term interest of the business that Robert, as the only active participant, should succeed to a larger share." The will was executed within a year after the decedent had been diagnosed with cancer at the age of 63. The record is undisputed that, for the next eight years until she died, the decedent continued to reside with her second husband, leading a full and active life, and remaining close to all her children.

The Surrogate's Court granted the proponent's motions for summary judgment dismissing the objections to probate of the decedent's will, and we affirm. In support of his motions, the proponent established his prima facie entitlement to judgment as a matter of law by showing, among other things, that the will had been duly executed, that the decedent possessed testamentary capacity, and that no undue influence or fraud had been exercised upon the decedent (*see Matter of Spinello*, 291 AD2d 406, 407 [2002]; *Matter of Bustanoby*, 262 AD2d 407, 408 [1999]). In opposition, the objectants and Gary B. Freidman, the guardian ad litem for the objectants' children, contended that an inference of undue influence sufficient to require a trial arose from the evidence, inter alia, that the proponent, an attorney and cotrustee with the decedent of trusts established for her benefit, was in a confidential relationship with the decedent, and that he was involved in selecting the attorney who drafted the will and participated in the first meeting between the decedent and the attorney draftsman.

For a will to be invalidated based on undue influence, " '[i]t must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed

free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist' " (*Matter of Walther*, 6 NY2d 49, 53, quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]). Undue influence "may . . . be proved by circumstantial evidence, but this evidence . . . must be of a substantial nature" (*Matter of Walther*, 6 NY2d at 54). The record as a whole establishes that the decedent, although undergoing treatment for cancer, was alert, strong-minded, and financially, mentally, and emotionally independent when she decided to change her will to favor the proponent, who had actively managed the family real estate business. The fact that the proponent may have been in a confidential relationship with the decedent (*see Matter of Neenan,* 35 AD3d 475 [2006]) is counterbalanced in this case by the closeness of the family (*see Matter of Walther, supra* at 56). No inference of undue influence arises in these circumstances (*see Matter of Fiumara,* 47 NY2d 845, 847 [1979]; *Matter of Walther, supra*; *Matter of Ryan,* 34 AD3d 212 [2006]; *Matter of Seelig,* 13 AD3d 776 [2004]).

The Surrogate's Court also properly dismissed the objection based on fraud, since the objectants and Freidman failed to submit any evidence that someone "knowingly made a false statement to the testator which caused [her] to execute a will that disposed of [her] property in a manner differently than [she] would have in the absence of that statement" (*Matter of Evanchuk,* 145 AD2d 559, 560 [1988]; *see Matter of Bianco,* 195 AD2d 457, 458 [1993]; *Matter of D'Agostino,* 284 AD2d 857, 861). Without a showing that undue influence or fraud was actually exercised upon the decedent, evidence that opportunity and motive existed to exert such influence will not suffice to raise a triable issue as to whether the will reflected the intent of the testator (*see Matter of Fiumara, supra* at 847; *Matter of Walther, supra*).

The objectants and Freidman failed to establish that facts essential to oppose the cross motion were within the exclusive knowledge of the proponent (*see* CPLR 3212 [f]; *Matter of DiCorcia,* 35 AD3d 463 [2006]).

The remaining contentions of the objectants and Freidman are without merit. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur. [*See* 10 Misc 3d 1052(A), 2005 NY Slip Op 51881(U).]