■ In the Matter of the Estate of GLADYS COOPERSMITH, Deceased. ARTHUR ANDERMAN et al., Respondents; JOAN LAVIN, Appellant. [852 NYS2d 247]—

In a contested probate proceeding, the objectant appeals from (1) a decree of the Surrogate's Court, Queens County (Nahman, S.), dated August 17, 2006, which, upon an order of the same court dated July 18, 2006 granting the petitioners' motion for summary judgment dismissing the objections to probate and denying her cross motion for rulings on various matters of trial procedure as academic, admitted the will to probate and issued letters testamentary and letters of trusteeship to the petitioners, and (2) an order of the same court dated October 23, 2006 which denied her motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated October 23, 2006, which denied the objectant's motion, in effect, for leave to reargue, is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners, payable by the appellant.

On appeal from the decree admitting the will to probate, the objectant, in effect, seeks review of so much of an order dated April 7, 2006 as denied a branch of her discovery motion. As the

objectant has failed to include in the appellate record any of the supporting or opposing papers that were submitted on the discovery motion, meaningful appellate review of this order is not possible, and we do not reach this contention (*see* CPLR 5526; *Levi v Levi,* 46 AD3d 519 [2007]; *Salem v Mott,* 43 AD3d 397 [2007]).

The petitioners, in support of their motion for summary judgment dismissing the objections, established, prima facie, that the will was not the product of undue influence (*see Matter of Walther,* 6 NY2d 49, 55 [1959]). The petitioner Anderman, who was the attorney-draftsman and was named as one of three executors and as one of three trustees of a charitable trust, was not a beneficiary under the will, and thus, the inference or presumption of undue influence does not apply (*see Matter of Weinstock,* 40 NY2d 1, 6 n [1995]; *see also Matter of Thompson,* 121 App Div 470, 472 [1907]; *cf. Matter of Henderson,* 80 NY2d 388, 392 [1992]).

In opposition, the objectant failed to raise a triable issue of fact. The objectant's conclusory and speculative allegations about Anderman's undue influence over the decedent lack support in the record and are insufficient to raise a question of fact (*see Matter of Weltz,* 16 AD3d 428, 429 [2005]; *Matter of Esberg,* 215 AD2d 655, 656 [1995]). Thus, the Surrogate's Court properly dismissed the objections to the admission of the will to probate. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.