■ In the Matter of the Estate of SYLVIA DUBIN, Deceased. SUSAN BROOKS et al., Respondents; JOAN LEVINE, Appellant, et al., Respondents. [864 NYS2d 528]—

In a contested probate proceeding, the objectant Joan Levine, appeals as limited by her brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated April 5, 2007, as granted that branch of the petitioners' motion which was for summary judgment dismissing her objections to probate and admitted to probate the last will and testament of Sylvia Dubin dated November 5, 1996, and a codicil dated December 9, 2001.

Ordered that the decree is affirmed insofar as appealed from, with costs.

The decedent Sylvia Dubin died in 2004 leaving behind a sizeable estate. One significant asset of the estate is the decedent's stock in the Slant/Fin company. This contested probate proceeding, which has exposed long-standing family rivalries, concerns, inter alia, the distribution of that stock as between the children of the decedent's two sisters. The petitioners, Susan Brooks and Richard Brooks, are the children of the decedent's sister Delcy Brooks. The objectant Joan Levine is the child of the decedent's sister Mollie Levine, who predeceased the decedent. The petitioners offered for probate two written instruments—the last will and testament of Sylvia Dubin dated November 5, 1996 (hereinafter the will), and a codicil dated December 9, 2001 (hereinafter the December codicil). The December codicil revoked all prior codicils and, in effect, republished the will. The objectant filed objections to both the will and the December codicil, alleging that both were the product of undue influence and fraud. After extensive disclosure, the petitioners moved, inter alia, for summary judgment dismissing the objections. In the decree appealed from, the Surrogate, among other things, granted that branch of the motion which was for summary judgment dismissing the objections and admitted the will and the December codicil to probate. We affirm the decree insofar as appealed from.

In opposition to the petitioners' prima facie demonstration of entitlement to judgment as a matter of law dismissing the objections and admitting the will and December codicil to probate,

the objectant failed to raise a triable issue of fact as to undue influence or fraud (*see Matter of Coopersmith,* 48 AD3d 562 [2008]; *see generally Matter of Walther,* 6 NY2d 49, 53 [1959]; *Matter of Zirinsky,* 43 AD3d 946 [2007]). Indeed, as to the will, for example, the objectant admitted that she had no personal knowledge of a specific instance of undue influence being exercised over the decedent, or of a false statement being made to her. Rather, the objectant testified, it was the "overall atmosphere" surrounding the situation that led her to believe that there may have been undue influence. In particular, she heard that the petitioners or their mother might have exaggerated the amount of money she had inherited from her mother (Mollie), and might have suggested that she would spend an inheritance in a frivolous manner, i.e., leaving it "to the dogs and to the cats." These speculative allegations were insufficient to raise a triable issue of fact as to undue influence or fraud.

The objectant also described the execution of the will at the offices of the decedent's counsel Proskauer Rose LLP (hereinafter Proskauer Rose) as "a little too close for comfort." This was because Bradley Ruskin, the husband of the petitioner Susan Brooks, was a partner at Proskauer Rose. However, the attorney draftsman Henry Leibowitz testified that he drafted the will without any involvement by Ruskin or any other party, and only after he spoke alone with the decedent who, to his knowledge, arrived unaccompanied at his office. Further, he testified, the will was drafted based on the decedent's then-existing will and a list of assets she brought to the meeting. Finally, the will was consistent with the trend evidenced by her prior wills, and provided for the disposition of her property in a manner similar to her then-existing will, which the objectant agreed was "fair if not generous" to her, and which was drafted and executed by a prior attorney with no connection to any party. Thus, on the facts presented, that the will was drafted by an attorney working for the same law firm as the husband of the petitioner Susan Brooks did not raise a triable issue of fact as to undue influence (*see Matter of Walther,* 6 NY2d 49 [1959]).

The parties' remaining contentions are without merit. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.