■ In the Matter of THADDEUS KLINGMAN, Deceased. HERMINIA RAMOS-DONOVAN, Respondent; RYAN KLINGMAN, Appellant. [875 NYS2d 554]—

In a contested probate proceeding, the objectant appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Orange County (Slobod, S.), dated October 26, 2007, as, upon an order of the same court dated September 19, 2007, inter alia, granting the petitioner's motion for summary judgment dismissing the objections to probate and counterclaims, dismissed the objections to probate and counterclaims and

admitted the last will and testament of Thaddeus Klingman to probate.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the decree (*see* CPLR 5520 [c]); and it is further,

Ordered that the decree is affirmed insofar as appealed from, with costs.

After learning that he had terminal lung cancer, Thaddeus Klingman (hereinafter the decedent) rescinded a separation agreement, changed the beneficiary of a life insurance policy and his pension, and executed a will favoring his spouse, the petitioner Herminia Ramos-Donovan, the proponent of the will. The decedent's son, Ryan Klingman (hereinafter Ryan), objected on the grounds of undue influence and fraud, and counter-claimed to set aside the rescission of the separation agreement and the change in beneficiary of the life insurance policy. The petitioner moved for summary judgment dismissing the objections and counterclaims.

An objectant seeking to establish undue influence regarding a will must show that "the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist" (*Matter of Zirinsky,* 43 AD3d 946, 947-948 [2007] [citations omitted]). Additionally, an objectant seeking to establish fraud must show, by clear and convincing evidence, that the proponent of the will "knowingly made false statements to [the decedent] to induce [him] to execute a will that disposed of [his] property in a manner contrary to that in which [he] otherwise would have disposed of it" (*Matter of Gross,* 242 AD2d 333, 333-334 [1997]; *see* 43 AD3d at 948).

The petitioner established her prima facie entitlement to summary judgment dismissing the objections to the probate of the will by demonstrating that the decedent understood the will and that the will was not the product of undue influence or fraud (*see Matter of Coopersmith,* 48 AD3d 562, 563 [2008]). In opposition Ryan failed to raise a triable issue of fact, as his allegations were conclusory, speculative, and unsupported by admissible evidence (*id.; see Matter of Zirinsky,* 43 AD3d at 948).

Ryan's remaining contentions are without merit. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.