■ In the Matter of the Estate of LAURA DELANO EASTMAN, Also Known as LAURA D. EASTMAN, Also Known as LAURA EAST-

MAN, Deceased. STANLEY M. ACKERT III et al., Respondents; LAUREN FORTMILLER, Appellant. [880 NYS2d 157]—

In a contested probate proceeding, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Suffolk County (Czygier, S.), as, upon a decision of the same court dated November 5, 2007, granted the petitioners' motion for summary judgment dismissing her objections to probate based, inter alia, on fraud and undue influence, denied her cross motion for summary judgment, and admitted to probate the last will and testament of Laura Delano Eastman, also known as Laura D. Eastman, also known as Laura Eastman, dated January 15, 2004, and a codicil dated October 22, 2004.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the objectant, personally.

The objectant contends that Marguerite Lewis, a friend of the decedent since the early 1960s and a nonbeneficiary under the propounded instruments, unduly influenced the decedent by portraying the objectant in an unfavorable light after the conclusion of a relationship between Lewis and the objectant and after the two had ceased living together. The objectant, herself a beneficiary under the propounded will, further contends that the decedent was intentionally misinformed about the financial and physical well-being of another beneficiary, the objectant's sister Judith Adams. As a result of this alleged fraud and undue influence, the objector contends that the decedent decreased her share of the estate relative to her sister Judith.

"[L]awful influences which arise from the claims of kindred and family or other intimate personal relations are proper subjects for consideration in the disposition of estates, and if allowed to influence a testator in [her] last will, cannot be regarded as illegitimate or as furnishing cause for legal condemnation" (*Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 395 [1877]; *see Marx v McGlynn*, 88 NY 357, 370-371 [1882]; *Matter of Ryan*, 34 AD3d 212, 215 [2006]; *Matter of Burke*, 82 AD2d 260, 269 [1981]; PJI 7:55).

"In order to avoid a will [because of undue influence], it must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against [her] free will and desire, but which [she] was unable to refuse or too weak to resist" (*Children's Aid Socy. of City of N.Y. v Loveridge,* 70 NY 387, 394 [1877]; *see Matter of Walther,* 6 NY2d 49, 53 [1959]; *Matter of Burke,* 82 AD2d 260, 269 [1981]).

"In order to state a claim for fraud, the objectant was required to demonstrate that [someone] knowingly made a false statement to the [decedent] which caused [her] to execute a will that disposed of [her] property in a manner differently than [she] would have in the absence of that statement" (*Matter of Evanchuk,* 145 AD2d 559, 560 [1988]; *see Matter of Zirinsky,* 43 AD3d 946, 948 [2007]; *Matter of Gross,* 242 AD2d 333, 333-334 [1997]; *Matter of Bianco,* 195 AD2d 457, 458 [1993]).

The petitioners "established [their] prima facie entitlement to judgment as a matter of law by showing, among other things, that the will had been duly executed, that the decedent possessed testamentary capacity, and that no undue influence or fraud had been exercised upon the decedent" (*Matter of Zirinsky,* 43 AD3d 946, 947 [2007]; *see Matter of Walther,* 6 NY2d 49, 54 [1959]; *Matter of Dietrich,* 271 AD2d 894, 894-895 [2000]).

In response "[t]he objectant failed to submit any evidence, beyond conclusory allegations and speculation, that [Lewis] actually exercised undue influence over the decedent" (*Matter of Weltz,* 16 AD3d 428, 429 [2005]; *see Matter of Dubin,* 54 AD3d 945, 947 [2008]; *Matter of Coopersmith,* 48 AD3d 562, 563 [2008]; *Matter of Bustanoby,* 262 AD2d 407, 408 [1999]), or that any fraudulent statements "were ever made to the decedent, that the proponent knew they were false, or that they caused the decedent to change her will" (*Matter of Bianco,* 195 AD2d 457, 458 [1993]; *see Matter of Zirinsky,* 43 AD3d 946, 948 [2007]; *Matter of Dietrich,* 271 AD2d 894, 894-895 [2000]; *Matter of Gross,* 242 AD2d 333, 334 [1997]).

"Without a showing that undue influence or fraud was actually exercised upon the decedent, evidence that opportunity and motive existed to exert such influence will not suffice to raise a triable issue as to whether the will reflected the intent of the [decedent]" (*Matter of Zirinsky,* 43 AD3d 946, 948 [2007]; *see Matter of Fiumara,* 47 NY2d 845, 846 [1979]; *Matter of Walther,* 6 NY2d 49, 55 [1959]; *Matter of Herman,* 289 AD2d 239, 240 [2001]; *Matter of Dietrich,* 271 AD2d 894, 894-895 [2000]). Ac-

cordingly, the Surrogate's Court properly dismissed the objections based on fraud and undue influence.

The objectant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.