■ In the Matter of ANA BEATRIZ MARIN, Deceased. CARLA MARIN et al., Respondents, et al., Respondents. DEBRA MARIN, Appellant. [918 NYS2d 591]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (*see* CPLR 5501 [a] [1]).

The decedent, Ana Beatriz Marin, died at the age of 77 in an automobile accident. She was survived by her daughters Carla, Andrea, and Debra, and her sons Philip and Carl.

The decedent left a two-page handwritten last will and testament which she executed before a notary public and two wit-

nesses on June 26, 2000. The handwritten instrument appointed Carla and Philip as the executors of the decedent's estate, bequeathed certain real property to Debra and Andrea, and left the remainder of the substantial estate in three equal shares to Carla, Philip, and Carl.

Carla and Philip filed a petition for probate of the handwritten instrument and Debra filed objections to probate based on, inter alia, lack of due execution, fraud, and undue influence.

The petitioners made a prima facie showing that the propounded will was duly executed pursuant to EPTL 3-2.1 (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) based on the testimony of the notary public who observed the decedent execute the will and the two witnesses to the will, both of whom knew the decedent well and had no interest in the propounded instrument (*see Matter of Mooney*, 74 AD3d 1073 [2010]). In opposition to the petitioners' prima facie showing, the objectant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562). While one of the witnesses could not recall whether he observed the decedent's signature on the will at the time that she asked him to sign it, the Surrogate's Court properly found that the decedent acknowledged her signature to the witness based on other facts, which included the testimony of the notary public and the other attesting witness (*see* SCPA 1405 [3]; *cf. Matter of Collins*, 60 NY2d 466 [1983]; *Matter of Ziele*, 242 AD2d 576, 577 [1997]).

The objections to probate based on fraud and undue influence also were properly dismissed. In opposition to the petitioners' prima facie showing that the propounded will was not the product of fraud, the objectant failed to submit any evidence that either of the petitioners "knowingly made a false statement to the testator which caused [her] to execute a will that disposed of [her] property in a manner differently than [she] would have in the absence of that statement" (*Matter of Evanchuk*, 145 AD2d 559, 560 [1988]; *see Matter of Zirinsky*, 43 AD3d 946 [2007]; *Matter of Bianco*, 195 AD2d 457, 458 [1993]). Likewise, in opposition to the petitioners' prima facie showing that the will was not the product of the petitioners' exercise of undue influence on the decedent, the objectant failed to raise a triable issue of fact (*see Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Klingman*, 60 AD3d 949, 950 [2009]; *Matter of Zirinsky*, 43 AD3d 946 [2007]).

The objectant's remaining contentions, raised for the first time on appeal, are not properly before this Court. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.