■ In the Matter of JOSEPH ANELLA, Deceased. LOUISE ANELLA BARTELLI, Respondent; JOSEPH ANELLA, JR., Appellant. [931 NYS2d 408]—

Joseph Anella (hereinafter the decedent) had five children, Joanne, Theresa, Joseph, Jr. (hereinafter the objectant), Louise (hereinafter the proponent), and Margaret. The decedent executed a will in 2001 by which he bequeathed his house to the proponent and Margaret, and a television and certain bank accounts to the objectant.

In 2002, a family dispute occurred in which the objectant raised a chair over his head in the presence of the decedent, causing damage to the decedent's home. Thereafter, the decedent advised friends that he was afraid that the objectant intended to harm him.

In 2005, the decedent retained an attorney to draft a new will (hereinafter the 2005 will), which did not contain any bequests to the objectant or Theresa. Both the attorney-drafter, who met with the decedent privately during the course of drafting the 2005 will, and a psychiatrist who evaluated the decedent at the suggestion of the attorney-drafter before the 2005 will was prepared, opined that the decedent understood who his heirs were and was able to make decisions with respect to the distribution of his estate.

The 2005 will was executed on October 24, 2005, before two attesting witnesses, the attorney-drafter and his secretary. The 2005 will appointed the proponent as the executor of the estate, and divided the residuary estate equally between Margaret and Joanne, after the payment of the decedent's debts and funeral expenses. The 2005 will made no provision to the objectant or Theresa.

On November 14, 2006, the decedent passed away, survived by all five of his children. On March 6, 2007, the proponent filed a petition for probate of the 2005 will and for letters testamentary. The objectant filed objections to probate, alleging, inter alia, lack of testamentary capacity and undue influence. The proponent moved for summary judgment dismissing the objections to probate.

In support of her motion, the proponent submitted, inter alia,

the deposition testimony of one of the attesting witnesses, the affidavit of the attorney-drafter, the self-proving affidavit annexed to the will, the affirmed report of the psychiatrist who evaluated the decedent, and the affidavits of family and friends, all of whom averred that the decedent was competent and aware of the extent of his property and intended to disinherit the objectant and Theresa. Consequently, the proponent established that the decedent had testamentary capacity at the time he executed the 2005 will by demonstrating that he understood the nature and consequences of making the will, the nature and extent of his property, and the natural objects of his bounty (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Scher*, 74 AD3d 827, 828 [2010]; *Matter of Malan*, 56 AD3d 479, 479-480 [2008]; *Matter of Tuccio*, 38 AD3d 791, 792 [2007]). In opposition to the proponent's prima facie showing of entitlement to judgment as a matter of law dismissing the objection alleging that the decedent lacked testamentary capacity, the objectant failed to raise a triable issue of fact (*see Matter of Kumstar*, 66 NY2d at 692; *Matter of Scher*, 74 AD3d at 828; *Matter of Malan*, 56 AD3d at 480; *Matter of Tuccio*, 38 AD3d 791 [2007]).

The proponent also established that the 2005 will was not the product of undue influence by the proponent over the decedent (*see Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Klingman*, 60 AD3d 949, 950 [2009]). Even if the proponent had a confidential relationship with the decedent because she cared for him and took care of his financial affairs, such relationship is counterbalanced by the close family relationship which existed between them (*see Matter of Scher*, 74 AD3d at 828; *Matter of Zirinsky*, 43 AD3d 946, 948 [2007]; *Matter of Swain*, 125 AD2d 574, 575 [1986]). In opposition to the proponent's prima facie showing of entitlement to judgment as a matter of law dismissing the objection alleging undue influence, the objectant failed to raise a triable issue of fact (*see Matter of Scher*, 74 AD3d at 828; *Matter of Zirinsky*, 43 AD3d at 949).

Accordingly, the Surrogate's Court properly granted those branches of the proponent's motion which were for summary judgment dismissing the objections to probate based on lack of testamentary capacity and undue influence, and admitted the will to probate. Angiolillo, J.P., Austin, Roman and Cohen, JJ., concur.