■ In the Matter of ALFRED ENGELHARDT, Deceased. ALYSSA HELLMAN, Respondent; ELLEN ENGELHARDT, Appellant. [931 NYS2d 386]—

In his last will and testament dated September 18, 2003, the decedent, who died on July 29, 2007, bequeathed his estate to Alyssa Hellman (hereinafter the proponent), who filed a petition for probate and sought the issuance of letters testamentary. The propounded will referred to the decedent's daughter, Ellen Engelhardt (hereinafter the objectant), and named her as a

contingent beneficiary of the estate in the event that the proponent predeceased the decedent. The objectant filed objections to probate which alleged, inter alia, that the execution of the propounded will was procured by the proponent's exercise of undue influence.

To vitiate a will on the ground of undue influence, "it must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist" (*Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *see Matter of Walther*, 6 NY2d 49, 53 [1959]; *Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Zirinsky*, 43 AD3d 946, 948 [2007]; *Matter of Greenberg*, 34 AD3d 806, 807 [2006]).

Here, the proponent established her prima facie entitlement to judgment as a matter of law based on evidence which demonstrated, inter alia, that "the will had been duly executed, that the decedent possessed testamentary capacity, and that no undue influence or fraud had been exercised upon the decedent" (*Matter of Zirinsky*, 43 AD3d at 947; *see Matter of Walther*, 6 NY2d at 54; *Matter of Eastman*, 63 AD3d at 740). In opposition thereto, the objectant failed to raise a triable issue of fact (*see Matter of Marin*, 82 AD3d 982 [2011]; *Matter of Mooney*, 74 AD3d 1073 [2010]; *Matter of Scher*, 74 AD3d 827 [2010]; *Matter of Imperato*, 67 AD3d 909 [2009]). Accordingly, the Surrogate's Court properly granted that branch of the proponent's motion which was for summary judgment dismissing the objections to probate based on undue influence.

The objectant's remaining contentions are without merit. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.