■ In the Matter of MARIA CAPUANO, Deceased. FRANCO NIOLA, Petitioner; NARCOLA SARNO, Appellant; CARMINE NOSCHESE, Respondent. [939 NYS2d 553]—

In a contested probate proceeding, the petitioner appeals from

an order of the Surrogate's Court, Kings County (Johnson, S.), dated November 10, 2010, which denied his renewed motion, in effect, for summary judgment dismissing the objection to probate based on fraud and undue influence.

Ordered that the order is reversed, on the law, with costs payable by the objectant personally, and the petitioner's renewed motion, in effect, for summary judgment dismissing the objection to probate based on fraud and undue influence is granted.

The decedent, Maria Capuano (hereinafter the decedent), while undergoing treatment for cancer, died unexpectedly at the age of 76 during a visit with her family in Salerno, Italy, on April 30, 2002. The decedent was a longtime resident of Brooklyn, survived by, among others, a sister and brother living in Italy, as her distributees under the Estates, Powers and Trusts Law. The decedent's estate consisted of her home in Brooklyn.

On April 9, 2002, the decedent had executed a will (hereinafter the will) at the nearby office of her attorney and lifetime acquaintance, which left her estate to Nicola Sarno (hereinafter the appellant), who lived in Italy with his wife, the daughter of the decedent's sister, and who knew the decedent from her visits to her sister in Italy throughout his 25-year marriage to the decedent's niece. The will also provided that the decedent's friend and accountant was nominated the executor of the estate, and that if the appellant predeceased the decedent, the estate passed to his heirs in accordance with his will.

The will was offered for probate in the Surrogate's Court, Kings County. The decedent's brother, Mario Capuano, filed objections to probate based on, among other things, fraud and undue influence. After Mario's death, his heir, Carmine Noschese (hereinafter the objectant) filed supplemental objections to probate. The appellant moved for summary judgment dismissing the objections to probate. In an order dated January 13, 2010, the Surrogate's Court granted the motion to the extent of dismissing all the objections to probate except for the objection based on fraud and undue influence, and denied that branch of the motion which was for summary judgment dismissing that objection without prejudice to renewal on the completion of discovery. After his deposition was completed, the appellant filed a renewed motion, in effect, for summary judgment dismissing the objection to probate based on fraud and undue influence. The Surrogate's Court denied the renewed motion. Sarno appeals, and we reverse.

An objectant seeking to establish an objection to the probate of a will based on undue influence must show that "the influ-

ence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist" (*Matter of Zirinsky*, 43 AD3d 946, 947-948 [2007] [internal quotation marks omitted]; *see Matter of Walther*, 6 NY2d 49, 53 [1959]; *Matter of Eastman*, 63 AD3d 738, 740 [2009]). An objectant seeking to establish that a will is the product of fraud has the burden of proving by clear and convincing evidence that the proponent of the will knowingly made false statements to the testator to induce him or her to make a will which disposed of property in a manner different from that in which the testator would otherwise have disposed of the property (*see Matter of Eastman*, 63 AD3d at 740; *Matter of Klingman*, 60 AD3d 949 [2009]; *Matter of Zirinsky*, 43 AD3d at 948).

The appellant established his prima facie entitlement to judgment as a matter of law dismissing the objection to probate based on fraud and undue influence by demonstrating, inter alia, that the decedent understood the will, and that the will was not the product of undue influence or fraud (*see Matter of Eastman*, 63 AD3d at 740; *Matter of Klingman*, 60 AD3d at 950). Although the decedent was undergoing treatment for cancer at the time of her unexpected death, the witnesses who knew the decedent for many years, and interacted with her almost daily, established that she was alert, did not appear to be ill, and was her usual self when she executed the will bequeathing her estate to the appellant.

In opposition, the objectant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]), since his opposition was based on allegations which were conclusory, speculative, and unsupported by admissible evidence (*see Matter of Klingman*, 60 AD3d at 950; *Matter of Dubin*, 54 AD3d 945 [2008]; *Matter of Bustanoby*, 262 AD2d 407, 408 [1999]).

Accordingly, the appellant's renewed motion, in effect, for summary judgment dismissing the objection to probate based on fraud and undue influence should have been granted. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.