██ In the Matter of JACOB H. ROTTKAMP, Deceased. CARMEN ROTTKAMP, Respondent; JANIS ROTTKAMP, Appellant. [945 NYS2d 394]—

In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), entered July 7, 2009, which, upon an order of the same court entered June 10, 2009, granting the petitioner's motion for summary judgment dismissing the objections to probate of a propounded will dated July 14, 2005, dismissed the objections and admitted the will to probate.

Ordered that the decree is affirmed, with costs payable by the objectant personally.

The decedent, Jacob H. Rottkamp, died on September 19, 2005, survived by his wife, Carmen Rottkamp (hereinafter the petitioner), their adult son, Jeffrey Rottkamp (hereinafter Jeffrey), and their adult daughter, Janis Rottkamp (hereinafter the objectant).

The petitioner commenced a proceeding to admit to probate a last will and testament dated July 14, 2005 (hereinafter the will), which appointed her the executor of her late husband's estate and provided, inter alia, for the residuary estate to "pour over" into a revocable living trust which the decedent created on the same date he created the will. The will also bequeathed to Jeffrey the decedent's interest in a limited partnership known as the Jacob H. Rottkamp Limited Partnership, subject to the payment of a specific legacy to the objectant in the sum of $50,000. The will also bequeathed to Jeffrey a 3.40-acre parcel of land located in Calverton, New York, subject to the payment of another specific legacy to the objectant in the sum of $50,000.

The decedent executed the will in a ceremony supervised by the attorney-drafter, who acted as an attesting witness with his longtime secretary, and included a "self-proving" affidavit. The decedent's estate plan included a "second to die" life insurance policy having a value of $325,000, which was transferred to the objectant in 1997 and provided for her to receive the value of the policy upon the death of both parents.

On May 20, 2008, the objectant filed objections to the will, which stated on information and belief, that the will was not

duly executed according to the law, that the decedent lacked testamentary capacity, and that the will was executed by mistake or was the product of undue influence and fraud.

After the completion of discovery, the petitioner moved for summary judgment dismissing the objections to probate, and the Surrogate's Court granted the motion by order dated June 10, 2009. In the decree appealed from, the Surrogate's Court dismissed the objections and admitted the will to probate.

The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements (*see* EPTL 3-2.1 [a]; *Matter of Collins*, 60 NY2d 466, 468 [1983]; *Matter of Rosen*, 291 AD2d 562 [2002]). The petitioner made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on lack of due execution by submitting the transcripts of the deposition testimony of the attorney-drafter, who supervised the execution ceremony and acted as an attesting witness, along with his secretary, which demonstrated that the statutory requirements for due execution were satisfied. In addition, the will contained an attestation clause and a "self-proving affidavit," which give rise to a presumption of compliance with the statutory requirements (*see Matter of Moskoff*, 41 AD3d 481, 482 [2007]; *Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Weltz*, 16 AD3d 428 [2005]; *Matter of Weinberg*, 1 AD3d 523 [2003]), and remained unrefuted by the objectant. In opposition, the objectant failed to raise a triable issue of fact.

Based on the petitioner's submission of, inter alia, a copy of the will, the deposition testimony of the attorney-drafter and the second attesting witness, and the "self-proving" affidavit, she made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection based on the decedent's lack of testamentary capacity by demonstrating that the decedent understood the nature and consequences of making the will, the nature and extent of his property, and the natural objects of his bounty (*see Matter of Anella*, 88 AD3d 993, 994-995 [2011]; *Matter of Malan*, 56 AD3d 479, 479-480 [2008]; *Matter of Tuccio*, 38 AD3d at 792). In opposition to the petitioner's prima facie showing, the objectant failed to raise a triable issue of fact (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Anella*, 88 AD3d at 995; *Matter of Schlaeger*, 74 AD3d 405, 406 [2010]; *Matter of Malan*, 56 AD3d at 480; *Matter of Tuccio*, 38 AD3d at 792).

An objectant seeking to establish that a will is the product of fraud must demonstrate by clear and convincing evidence that the proponent of the will knowingly made false statements to

the testator to induce the testator to make a will disposing of his or her property in a manner contrary to that which the testator would have effected (*see Matter of Marin*, 82 AD3d 982, 983 [2011]; *Matter of Eastman*, 63 AD3d 738, 740 [2009]; *Matter of Klingman*, 60 AD3d 949, 950 [2009]). "To vitiate a will on the ground of undue influence, 'it must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist' " (*Matter of Engelhardt*, 88 AD3d 997, 998 [2011], quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *see Matter of Walther*, 6 NY2d 49, 53 [1959]; *Matter of Capuano*, 93 AD3d 666 [2012]; *Matter of Eastman*, 63 AD3d at 740; *Matter of Klingman*, 60 AD3d at 950; *Matter of Zirinsky*, 43 AD3d 946, 947-948 [2007]). The petitioner made a prima facie showing of entitlement to judgment as a matter of law dismissing the objections based on fraud and undue influence with the deposition testimony of the attorney-drafter and the second attesting witness, and the "self-proving" affidavit, which stated that the decedent understood the terms of the will, which was not the product of fraud or undue influence exercised over the decedent by the petitioner or anyone else (*see Matter of Capuano*, 93 AD3d 666 [2012]; *Matter of Eastman*, 63 AD3d at 740; *Matter of Klingman*, 60 AD3d at 950; *Matter of Zirinsky*, 43 AD3d at 947-948).

In opposition, the objectant failed to raise a triable issue of fact at to whether the petitioner made a false representation to the decedent which deceived him into making any of the bequests in the will, which the objectant conceded reflected the decedent's intention to leave his real property to Jeffrey. In addition, the objectant did not proffer any evidence that the petitioner actually exercised undue influence over the decedent, aside from pure conjecture and conclusory assertions, which are insufficient to raise a triable issue of fact (*see Matter of Capuano*, 93 AD3d 666 [2012]; *Matter of Eastman*, 63 AD3d at 740; *Matter of Klingman*, 60 AD3d at 950; *Matter of Barrett*, 16 AD3d 582 [2005]). Accordingly, the Surrogate's Court properly dismissed the objections to probate based on fraud and undue influence.

The objectant's remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.