The decedent died on May 14, 2010, less than two months after the death of his wife, Barbara, and he was survived by four daughters and two sons. Two of the decedent’s daughters, Linda Muratore and Angela LaPeccerella (hereinafter together the petitioners), commenced this proceeding to admit to probate a last will and testament dated March 11, 2010 (hereinafter the *859 2010 will). The will appointed the petitioners to serve as co-executors of the decedent’s estate, bequeathed the sum of $1 each to the decedent’s four remaining children, Vincent Mele, Lisa Ponce, Susan Ball, and Rocco Mele, Jr., and divided the residuary estate between the petitioners. The decedent had previously executed a will dated October 7, 2005, which left his estate to his wife and, in the event she predeceased him, to his six children equally.
The decedent executed the 2010 will in a ceremony supervised by the attorney who drafted it, and witnessed by the attorney’s secretary and by a local contractor whose office was adjacent to the attorney’s office.
Rocco Mele, Jr., consented to probate of the 2010 will, but Vincent Mele, Lisa Ponce, and Susan Ball filed objections to the will on the grounds that the decedent lacked testamentary capacity, that the will was not duly executed, and that the will was the product of undue influence and fraud on the part of the petitioners. After discovery was completed, the petitioners moved for summary judgment dismissing the objections. In an order dated May 2, 2012, the Surrogate’s Court granted the petitioners’ motion. In a decree dated May 29, 2012, the Surrogate’s Court, upon the order, admitted the will to probate.
The Surrogate’s Court properly granted that branch of the petitioners’ motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. The petitioners demonstrated their prima facie entitlement to judgment as a matter of law dismissing that objection by demonstrating that the decedent understood the nature and consequences of making the will, the nature and extent of his property, and the natural objects of his bounty (see Matter of Rottkamp, 95 AD3d 1338, 1339 [2012]; Matter of Anella, 88 AD3d 993, 995 [2011]; Matter of Schlaeger, 74 AD3d 405, 406 [2010]; Matter of Malan, 56 AD3d 479, 479-480 [2008]). In opposition to the petitioners’ prima facie showing, the objectants failed to raise a triable issue of fact (see Matter of Rottkamp, 95 AD3d at 1339; Matter of Anella, 88 AD3d at 995; Matter of Malan, 56 AD3d at 480; Matter of Tuccio, 38 AD3d 791, 792 [2007]).
The Surrogate’s Court also properly granted that branch of the petitioners’ motion which was for summary judgment dismissing the objection based on lack of due execution. “The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements” (Matter of Rottkamp, 95 AD3d at 1339; see EPTL 3-2.1 [a]; Matter of Collins, 60 NY2d 466, 468 [1983]; *860 Matter of Greene, 89 AD3d 941, 943 [2011]). The petitioners demonstrated their prima facie entitlement to judgment as a matter of law dismissing the objection based on lack of due execution by submitting the deposition testimony of the attorney who drafted the will and supervised the execution ceremony, along with the testimony of the two attesting witnesses, which demonstrated that the statutory requirements for due execution were satisfied. Moreover, the will contained an attestation clause and a “self-proving affidavit,” which gave rise to a presumption of compliance with the statutory requirements (see Matter of Rottkamp, 95 AD3d at 1339; Matter of Moskoff 41 AD3d 481, 482 [2007]). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Rottkamp, 95 AD3d at 1339; Matter of Malan, 56 AD3d at 479).
Lastly, the Surrogate’s Court properly granted those branches of the petitioners’ motion which were for summary judgment dismissing the objections based on undue influence and fraud. “An objectant contesting the admission of a propounded instrument to probate based on the alleged exercise of undue influence must show that ‘the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist’ ” (Matter of DiDomenico, 101 AD3d 998, 1000 [2012], quoting Matter of Zirinsky, 43 AD3d 946, 947-948 [2007]; see Matter of Walther, 6 NY2d 49, 53 [1959]; Matter of Rottkamp, 95 AD3d at 1340; Matter of Capuano, 93 AD3d 666, 667-668 [2012]). “An objectant seeking to establish that a will is the product of fraud has the burden of proving by clear and convincing evidence that the proponent of the will knowingly made false statements to the testator to induce him or her to make a will which disposed of property in a manner different from that in which the testator would otherwise have disposed of the property” (Matter of Capuano, 93 AD3d at 668; see Matter of Eastman, 63 AD3d 738, 740 [2009]). The petitioners demonstrated their prima facie entitlement to judgment as a matter of law by showing, among other things, that the will had been duly executed, that the decedent possessed testamentary capacity, and that no undue influence or fraud had been exercised upon the decedent (see Matter of Eastman, 63 AD3d at 740; Matter of Zirinsky, 43 AD3d at 947). In opposition, the object-ants failed to submit any evidence, beyond conclusory allegations and speculation, that the petitioners actually exercised undue influence over the decedent or that any fraudulent statements were made to the decedent, that the proponents of the *861 made statements they knew to be false, or that any such statements caused the decedent to change his will (see Matter of Eastman, 63 AD3d at 740; Matter of Weltz, 16 AD3d 428, 429 [2005]; Matter of Bianco, 195 AD2d 457, 458 [1993]). Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.