In the Matter of KATHERINE MARRA, Deceased. MAUREEN MARRA, Respondent; WILLIAM MARRA et al., Appellants. [1 NYS3d 232]—

In a contested probate proceeding, the objectants appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Lopez Torres, S.), dated January 14, 2013, as granted those branches of the petitioner's motion which were for summary judgment dismissing their objections to probate based on lack of testamentary capacity and undue influence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent died on November 1, 2009. The decedent's brother, Alfred Marra, was the sole beneficiary under the decedent's last will and testament dated May 13, 2004. In December 2009, Maureen Marra (hereinafter the petitioner), the spouse of Alfred Marra, commenced this proceeding to admit the will to probate. Thereafter, certain nieces and nephews of the decedent (hereinafter collectively the objectants) filed objections to probate of the will on the grounds that, inter alia, the decedent lacked testamentary capacity and the will was the product of undue influence. The petitioner moved for summary judgment dismissing the objections to probate. In an order dated January 14, 2013, the Surrogate's Court, among other things, granted those branches of the petitioner's motion which were for summary judgment dismissing the objections to probate based on lack of testamentary capacity and undue influence.

The Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection based on lack of testamentary capacity. The petitioner demonstrated her prima facie entitlement to judgment as a matter of law dismissing that objection by demonstrating that the decedent understood the nature and consequences of making the will, the nature and extent of her property, and the natural objects of her bounty (see Matter of Templeton, 116 AD3d 781, 782 [2014]; Matter of Rottkamp, 95

AD3d 1338, 1339 [2012]). In opposition to the petitioner's prima facie showing, the objectants failed to raise a triable issue of fact (see Matter of Templeton, 116 AD3d at 782; Matter of DiCorcia, 35 AD3d 463, 464 [2006]; Matter of Margolis, 218 AD2d 738, 739 [1995]).

The Surrogate's Court also properly granted that branch of the petitioner's motion which was for summary judgment dismissing the objection based on undue influence. "An objectant contesting the admission of a propounded instrument to probate based on the alleged exercise of undue influence must show that 'the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist' " (Matter of DiDomenico, 101 AD3d 998, 1000 [2012], quoting Matter of Zirinsky, 43 AD3d 946, 947-948 [2007]; see Matter of Walther, 6 NY2d 49, 53 [1959]). In opposition to the petitioner's prima facie showing that the will was not the product of undue influence (see Matter of Templeton, 116 AD3d at 782; Matter of DiDomenico, 101 AD3d at 1001; Matter of Rottkamp, 95 AD3d at 1340), the objectants failed to raise a triable issue of fact (see Matter of Dubin, 54 AD3d 945, 947 [2008]; Matter of Weltz, 16 AD3d 428, 429 [2005]; Matter of Chiurazzi, 296 AD2d 406, 407 [2002]).

The appellants' remaining contention is not properly before this Court.

We decline the petitioner's request for the imposition of sanctions, as neither the appellants nor their counsel engaged in sanctionable conduct on this appeal (see 22 NYCRR 130-1.1 [c]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.