Matter of Cianci (2018 NY Slip Op 06529)





Matter of Cianci


2018 NY Slip Op 06529


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-12031
2016-05253

[*1]In the Matter of Victor J. Cianci, also known as Victor Joseph Cianci, deceased.
Lorraine Ueltzen, etc., petitioner-respondent; Barbara Niederhoffer, et al., objectants-appellants. (File No. 326/14)


Montalbano, Condon & Frank, P.C., New City, NY (Kurt E. Johnson of counsel), for objectants-appellants.
Annette G. Hasapidis, South Salem, NY, for petitioner-respondent.



DECISION & ORDER
In a contested probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Orange County (Robert A. Onofry, S.), dated October 8, 2015, and (2) an order of the same court dated January 25, 2016. The order dated October 8, 2015, insofar as appealed from, granted those branches of the petitioner's motion which were for summary judgment dismissing the objection to probate based on undue influence and admitting the last will and testament of the decedent to probate. The order dated January 25, 2016, insofar as appealed from, upon reargument, adhered to so much of the original determination in the order dated October 8, 2015, as granted those branches of the petitioner's motion.
ORDERED that the appeal from the order dated October 8, 2015, is dismissed, as the portions of the order appealed from were superseded by the order dated January 25, 2016, made upon reargument; and it is further,
ORDERED that the order dated January 25, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The decedent, Victor J. Cianci, also known as Victor Joseph Cianci, died on December 23, 2013. Prior to his death, the decedent had been living with his niece, Lorraine Ueltzen (hereinafter the petitioner), and her daughter since 2007. Barbara Niederhoffer, Sheila Clausen, and Jeffrey Plotkin (hereinafter collectively the objectants) were the decedent's nieces and nephew by marriage. The decedent's last will and testament dated September 23, 2009, provided that the objectants would each receive the sum of $50,000 from the proceeds of the sale of certain farmland known as "Blue Spruce Farm," located in Goshen, and that the petitioner would receive the remaining proceeds.
The petitioner filed a petition to admit the will to probate. The objectants filed [*2]objections to the probate of the propounded will on the ground, inter alia, that the will was the product of undue influence. The petitioner moved for summary judgment dismissing the objections and admitting the will to probate. In an order dated October 8, 2015, the Surrogate's Court granted the petitioner's motion. The objectants subsequently moved, inter alia, for leave to reargue their opposition to those branches of the petitioner's motion which were for summary judgment dismissing the objection to probate based on undue influence and admitting the will to probate. In an order dated January 25, 2016, the Surrogate's Court, inter alia, upon reargument, adhered to so much of the determination in the order dated October 8, 2015, as granted those branches of the petitioner's motion. The objectants appeal.
"An objectant seeking to establish an objection to the probate of a will based on undue influence must show that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (Matter of Capuano, 93 AD3d 666, 667-668 [internal quotation marks omitted]; see Matter of Walther, 6 NY2d 49, 53; Bazigos v Krukar, 140 AD3d 811, 813; Matter of Albert, 137 AD3d 1266, 1267-1268). "Although undue influence may be established through circumstantial evidence, such evidence must be of a substantial nature, and an inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference" (Matter of Favaloro, 94 AD3d 989, 992 [internal quotation marks omitted]; see Matter of Walther, 6 NY2d at 54; Matter of Zirinsky, 43 AD3d 946, 947-948).
"[T]he burden of proof generally lies with the party asserting undue influence" (Matter of DelGatto, 98 AD3d 975, 977). "However, where a confidential relationship is established, the burden shifts to the beneficiary to show that the transaction is fair and free from undue influence" (Matter of Albert, 137 AD3d at 1268; see Matter of DelGatto, 98 AD3d at 978). "In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence" (Matter of Albert, 137 AD3d at 1268).
Contrary to the objectants' contention, the petitioner made a prima facie showing of entitlement to judgment as a matter of law dismissing the objection to probate based on undue influence. The petitioner established, prima facie, that the decedent was coherent and financially, mentally, and emotionally independent when he executed the will. The attorney who drafted the propounded will testified at his deposition that the decedent was referred to him by another attorney, that he always met with the decedent alone, and that the change made to the decedent's prior will was precipitated by the decedent's desire to bequeath a larger portion of the proceeds of the sale of Blue Spruce Farm to the petitioner. In opposition, the objectants failed to submit any evidence, beyond conclusory allegations and speculation, that the petitioner actually exerted undue influence over the decedent (see Bazigos v Krukar, 140 AD3d at 813-814; Matter of DiDomenico, 101 AD3d 998, 1000-1001; Matter of Zirinsky, 43 AD3d at 948). Without a showing that undue influence was actually exerted, mere speculation as to motive and opportunity is insufficient (see Matter of Walther, 6 NY2d at 55; Matter of Romano, 137 AD3d 922, 923; Matter of Eastman, 63 AD3d 738, 740; Matter of Herman, 289 AD2d 239, 240). Furthermore, the fact that the petitioner may have been in a confidential relationship with the decedent was counterbalanced by the petitioner's evidence of a close family relationship that existed between them while they lived together (see Matter of Walther, 6 NY2d at 56; Matter of Prevratil, 121 AD3d 137, 143; Matter of DiDomenico, 101 AD3d at 1001; Matter of Anella, 88 AD3d 993, 995; Matter of Scher, 74 AD3d 827, 828; Matter of Zirinsky, 43 AD3d at 948).
Accordingly, we agree with the determination of the Surrogate's Court, upon reargument, to adhere to so much of the original determination in the order dated October 8, 2015, as granted those branches of the petitioner's motion which were for summary judgment dismissing the objection to probate based on undue influence and admitting the will to probate.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court