Matter of Martinico (2019 NY Slip Op 08409)





Matter of Martinico


2019 NY Slip Op 08409


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-01425

[*1]In the Matter of Eleanor Martinico, deceased. Domenick Blasi, respondent; Andrew B. Blasi, et al., appellants. (File No. 3403/14)


Hall & Hall, LLP, Staten Island, NY (Eugene Rabinovich and Vanessa Gazzola of counsel), for appellant James Blasi.
Finkelstein & Virga P.C., New York, NY (Steven R. Finkelstein, Gerard Virga, and Keith H. Peterson of counsel), for respondent.



DECISION & ORDER
In a contested probate proceeding, the objectants, Andrew B. Blasi, Maria Joy Blasi, and James Blasi, appeal from a decree of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated October 19, 2016. The decree, upon a decision of the same court dated September 26, 2016, in effect, dismissed the objections and admitted a propounded will dated March 28, 2014, to probate.
ORDERED that the appeals by the objectants Andrew B. Blasi and Maria Joy Blasi are dismissed as abandoned; and it is further,
ORDERED that the decree is affirmed on the appeal by the objectant James Blasi; and it is further,
ORDERED that one bill of costs is awarded to the petitioner, payable by the objectant James Blasi.
Eleanor Martinico (hereinafter the decedent) died on May 20, 2014, and is survived by seven nieces and nephews, including the objectant James Blasi. The petitioner, who is the decedent's grandnephew and son of the decedent's nephew Joseph D. Blasi, as well as the nominated executor of the decedent's propounded will dated March 28, 2014, filed a petition for probate verified July 22, 2014. James Blasi, along with another niece and nephew of the decedent, Maria Joy Blasi and Andrew B. Blasi, respectively (hereinafter collectively the objectants), filed objections to probate on the grounds of lack of due execution, lack of testamentary capacity, undue influence, and fraud. After discovery, the objectants moved for summary judgement denying probate, and the petitioner cross-moved for summary judgment, in effect, dismissing the objections and admitting the will to probate. In a decision dated September 26, 2016, the Surrogate's Court determined that the objectants' motion should be denied and the petitioner's cross motion should be granted. The court issued a decree dated October 19, 2016, upon the decision, in effect, dismissing the objections and admitting the will to probate. The objectant James Blasi appeals from the decree, and we affirm.
We agree with the Surrogate's Court's determination, in effect, to dismiss the objection based on lack of due execution. "The proponent of a will has the burden of proving that the propounded instrument was duly executed in conformance with the statutory requirements" (Matter of Christie, 170 AD3d 718, 719; see Matter of Mele, 113 AD3d 858, 859; Matter of Rottkamp, 95 AD3d 1338, 1339). The petitioner demonstrated his prima facie entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony and an affidavit of the attorney who drafted the will and witnessed its execution, along with a transcript of the deposition testimony and affidavit of the additional attesting witness, which demonstrated that the statutory requirements for due execution were satisfied. Moreover, "[w]here the will is drafted by an attorney and the drafting attorney supervises the will's execution, there is a presumption of regularity that the will was properly executed in all respects" (Matter of Sabatelli, 161 AD3d 872, 873-874; see Matter of Templeton, 116 AD3d 781, 781; Matter of Farrell, 84 AD3d 1374, 1374). In opposition, the objectants failed to raise a triable issue of fact (see Matter of Mele, 113 AD3d at 860; Matter of Rottkamp, 95 AD3d at 1339).
We also agree with the Surrogate's Court's determination, in effect, to dismiss the objection based on lack of testamentary capacity. "It is the indisputable rule in a will contest that [t]he proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether she [or he] understood the nature and consequences of executing a will; (2) whether she [or he] knew the nature and extent of the property she [or he] was disposing of; and (3) whether she [or he] knew those who would be considered the natural objects of her [or his] bounty and her relations with them" (Matter of Kumstar, 66 NY2d 691, 692 [internal quotation marks omitted]; see Matter of Christie, 170 AD3d at 720; Matter of Weltz, 16 AD3d 428, 428). "Less capacity is required to enable one to make a will than to make other contracts" (Matter of Coddington, 281 AD 143, affd 307 NY 181). Testamentary capacity need only be shown at the time the will was executed (see Matter of Anella, 88 AD3d 993, 995; Matter of Weltz, 16 AD3d at 428; Matter of Rosen, 291 AD2d 562, 562), and "[it] has long been recognized that old age, physical weakness and senile dementia are not necessarily inconsistent with testamentary capacity as long as the testatrix was acting rationally and intelligently at the time the [instrument] was prepared and executed" (Matter of Hedges, 100 AD2d 586, 588; see Matter of Giaquinto, 164 AD3d 1527, 1529, affd 32 NY3d 1180; Matter of Romano, 137 AD3d 922, 923).
Here, the petitioner established his prima facie entitlement to judgment as a matter of law by submitting evidence, including transcripts of deposition testimony, affidavits, and hospital
records, demonstrating that the decedent possessed testamentary capacity at all relevant times, including during the execution of her will. In opposition, the objectants failed to raise a triable issue of fact. Considering the entire hospital record, entries referring to the decedent's episode of confusion prior to her hospital admission and a single reference to dementia in an unexplained "Do Not Resuscitate" order within those records do not raise a triable issue of fact as to whether the decedent had testamentary capacity at the time she executed her will (see Matter of Romano, 137 AD3d at 923). The fact that the drafting attorney wrote the incorrect formal name of the decedent's brother on the attorney's office intake sheet also does not speak to the decedent's testamentary capacity.
Finally, we agree with the Surrogate's Court's determination, in effect, to dismiss the objections based on undue influence and fraud. "An objectant seeking to establish an objection to the probate of a will based on undue influence must show that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist'" (Matter of Capuano, 93 AD3d 666, 667-668, quoting Matter of Zirinsky, 43 AD3d 946, 947-948; see Matter of Marra, 123 AD3d 1130, 1131; Matter of Klingman, 60 AD3d 949, 950). "An objectant seeking to establish that a will is the product of fraud has the burden of proving by clear and convincing evidence that the proponent of the will knowingly made false statements to the testator to induce him or her to make a will which disposed of property in a manner different from that in which the testator would otherwise have disposed of the property" (Matter of Capuano, 93 AD3d at 668; see Matter of Eastman, 63 AD3d 738, 740; Matter of Klingman, 60 AD3d at 950).
Here, the petitioner demonstrated his prima facie entitlement to judgment as a matter of law by presenting evidence showing, among other things, that the decedent understood the will, that the petitioner and other beneficiaries were not involved in the drafting or the execution of the will, and that the will was not the product of undue influence or fraud. In opposition, the objectants failed to submit any evidence, beyond conclusory allegations and speculation, that the petitioner exercised undue influence over the decedent or that any fraudulent statements were made to the decedent, that the proponents of the will made statements that they knew to be false, or that any such statements caused the decedent to change how she would have otherwise disposed of her property (see Matter of Cianci, 165 AD3d 655, 657; Matter of Mele, 113 AD3d at 860-861; Matter of Klingman, 60 AD3d at 950).
The appellant's remaining contention is without merit.
Accordingly, the decree should be affirmed.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court