■ In the Matter of the Estate of HAROLD RICHTMAN, Deceased. JEWEL CHAIT et al., Appellants; MONA RICHTMAN et al., Respondents. [634 NYS2d 197] —In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated June 17, 1994, which, upon dismissing all objections to probate, admitted the decedent's will to probate.

Ordered that the decree is affirmed, with costs payable by the objectants.

The objectants claim that the decedent lacked testamentary

capacity, the will was not duly executed, its terms were the result of undue influence, and the Surrogate erred in not granting a continuance and allowing further testimony as to these issues.

The evidence fully supported the Surrogate's findings that the will was properly executed and that the decedent possessed testamentary capacity. The evidence demonstrated that the decedent understood the nature and consequences of executing a will and understood the extent of his property and to whom he was devising it. His rationale for the bequests he made was expressed in the will itself (see, Matter of Bush, 85 AD2d 887, 888).

The objectants failed to meet their burden of demonstrating that the will was procured by undue influence. A mere showing of opportunity and even of motive to exercise undue influence is insufficient, without additional evidence that such influence was actually exercised (see, Matter of Walther, 6 NY2d 49; Matter of Bush, supra, at 888-889).

The objectants' remaining contentions are without merit. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.