■ In the Matter of the Estate of ROSE BUSTANOBY, Deceased. IRVING LAMPERT, Respondent; LUDWIG TAUBER et al., Appellants. [691 NYS2d 179] —In a contested probate proceeding, the objectants appeal from an order and decree (one paper) of the Surrogate's Court, Nassau County (Radigan, S.), dated January 13, 1998, which, *inter alia,* granted the motion of Irving Lampert, the proponent of the will of Rose Bustanoby dated January 4, 1996, for summary judgment dismissing all objections to probate of the will and denied the cross motion of the objectant Ludwig Tauber, among other things, to deny probate, and the cross motion of Ariel Tauber, *inter alia,* for leave to intervene.

Ordered that the appeals by Ludwig Tauber from so much of

the order and decree as denied the cross motion of Ariel Tauber, and the appeal by Ariel Tauber from so much of the order as denied the cross motion of Ludwig Tauber, are dismissed, as they are not aggrieved by those portions of the order; and it is further,

Ordered that the order and decree is affirmed insofar as reviewed, with costs payable by the appellants personally.

The Surrogate's Court properly granted the motion for summary judgment dismissing the objections to probate of the decedent's will, which alleged, *inter alia*, improper execution, lack of testamentary capacity, undue influence, and fraud. After the movant made out a prima facie case for summary judgment, the objectants failed to meet their burden of establishing that there existed a triable issue of fact as to any of the issues alleged in this matter.

The will was duly executed pursuant to the formal requirements of execution and attestation set forth in EPTL 3-2.1. Moreover, when, as here, the attorney-draftsman supervised the will's execution, there is a presumption of regularity that the will was properly executed in all respects (*see, Matter of Kindberg,* 207 NY 220; *Matter of Cottrell,* 95 NY 329, 338; *Matter of Posner,* 160 AD2d 943), and the objectants did not submit any evidence to overcome this presumption.

At all times, including the moment of the will's execution (*see, Children's Aid Socy. v Loveridge,* 70 NY 387), the decedent possessed the testamentary capacity required by EPTL 3-1.1 to make a will and to dispose of her property. She knew the nature and extent of her property and the natural objects of her bounty (*see, Matter of Kumstar,* 66 NY2d 691, 692).

Finally, the objectants failed to establish their claims of fraud and undue influence. They submitted only conclusory and speculative evidence that the petitioner exercised undue influence over the decedent in order to procure her estate. Without a showing that undue influence or fraud was actually exercised upon the decedent, mere speculation that opportunity and motive existed to exert such influence will not suffice to raise a triable issue as to whether the will reflected the intent of the testator (*see, Matter of Walther,* 6 NY2d 49; *Matter of Fiumara,* 47 NY2d 845; *Matter of Richtman,* 221 AD2d 640; *Matter of Bianco,* 195 AD2d 457). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.