■ In the Matter of the Estate of EDWARD ROSEN, Deceased. LUANNE J. BIUNNO, Respondent; GLENN ROSEN et al., Appellants. [737 NYS2d 656] —In a probate proceeding, the objectants appeal from (1) an order of the Surrogate's Court, Suffolk County (Weber, S.), entered March 7, 2001, which denied their motion for summary judgment dismissing the petition and granted the proponent's cross motion for summary judgment dismissing the objections, and (2) a decree of the same court, entered April 2, 2001, admitting the will to probate and issuing letters testamentary to the proponent.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that the proponent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal thereof terminated with the entry of the decree in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree (*see,* CPLR 5501 [a] [1]).

The Surrogate's Court properly determined that the proponent met her burden of establishing that the purported will was duly executed (*see, Matter of Collins,* 60 NY2d 466). Although the attesting witnesses did not recall the execution ceremony, they did identify their signatures on the will and affidavit of execution. Moreover, while the attorney who notarized and signed the affidavit of execution did not recall the execution, he was able to identify his notary stamp and signature on the affidavit, and there was other evidence tending to establish that he supervised the execution, giving rise to the presumption of due execution (*see, Matter of Ziele,* 242 AD2d 576, 577). The objectants' general allegations of lack of due execution failed to raise a triable issue of fact.

The Surrogate's Court also properly determined that the proponent met her burden of establishing that the testator was competent at the time the will was executed (*see, Matter of Kumstar,* 66 NY2d 691). The affidavit of the attesting witnesses, the dispositions of the will, the inclusion of the objectants in the will, the testimony from the attesting witnesses that they would not have signed the will had they believed the testator lacked testamentary capacity, and testimony from an acquaintance demonstrated that the decedent had testamentary capacity at the time of execution (*see, Matter of Kumstar, supra*). In opposition, the objectants' general allegations of lack of testamentary capacity, which was admittedly conjecture, failed to raise a triable issue of fact.

The objectants failed to sustain their burden of raising triable issues of fact with respect to their claims of undue influence and fraud, which were also based on the objectants' general allegations of the decedent's poor health (*see, Matter of Walther,* 6 NY2d 49; *Matter of Evanchuk,* 145 AD2d 559). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.