■ MICHAEL J. COLE et al., Plaintiffs, v FUN 4 ALL, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. SURFACE AMERICA, INC., Third-Party Defendant; RECREATION INSTALLATION, INC., Third-Party Defendant-Appellant. [739 NYS2d 743] —In an action to recover damages for personal injuries, etc., the third-party defendant Recreation Installation, Inc., appeals, as limited by its brief, from so much of a judgment of

the Supreme Court, Suffolk County (Floyd, J.), entered January 22, 2001, as, upon an order of the same court, dated December 5, 2000, inter alia, denying its motion for summary judgment dismissing the third-party complaint insofar as asserted against it, continued and severed the third-party action insofar as asserted against it.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the third-party complaint insofar as asserted against the appellant is dismissed, the third-party action against the remaining third-party defendant is severed, and the order dated December 5, 2000, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The infant plaintiff was injured when he fell from "monkey bars" installed by the third-party defendant Recreation Installation, Inc. (hereinafter Recreation), on premises owned by the defendant Port Jefferson Business Center, Inc. (hereinafter PJBC), and leased to the defendant Fun 4 All, Inc. (hereinafter Fun 4 All). The plaintiffs commenced this action against Fun 4 All and PJBC, alleging that the padding under the monkey bars failed to prevent the infant plaintiff's injuries. Fun 4 All and PJBC commenced a third-party action against Recreation and Surface America, Inc. (hereinafter Surface), the installer of the padding. Recreation appeals from so much of the Supreme Court's order as denied its motion for summary judgment.

Recreation demonstrated its entitlement to summary judgment by presenting deposition testimony that its duties were limited to design and installation of the playground equipment at Fun 4 All's facility and that it had no obligation regarding the allegedly deficient padding. "[A] duty of reasonable care owed by a tortfeasor to an injured party is elemental to any recovery in negligence" (*Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584). Since the plaintiffs and Fun 4 All failed to present any evidence that Recreation had any duties beyond designing and installing the playground equipment, they did not meet their "burden of demonstrating the existence of any material triable issue of fact" (*Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968).

The record indicates that Fun 4 All had the padding samples independently tested, and had discussions with Surface with respect to the specific requirements regarding the materials to be used in and the thickness of the padding installed beneath

the monkey bars. This evidence demonstrated that Fun 4 All did not rely upon its discussions with Recreation regarding various types of padding, and Recreation's general recommendation that padding compliant with industry guidelines be installed. Thus, it cannot be said that Recreation assumed a duty for which it could be held liable (*see Cohen v Heritage Motor Tours,* 205 AD2d 105). Moreover, the record demonstrates that the monkey bars installed by Recreation were not defective. Thus, the affidavit of the plaintiff's expert, which merely raised issues as to the adequacy of the padding, did not raise any triable issues of fact regarding Recreation's liability (*cf. Dash v City of New York,* 236 AD2d 579, 580). Since there was no evidence that Recreation owed the duties it was alleged to have breached, the third-party plaintiffs are not entitled to contribution from Recreation (*see Sommer v Federal Signal Corp.,* 79 NY2d 540, 555-560; *Garrett v Holiday Inns,* 58 NY2d 253; *Cresvale Intl. v Reuters Am.,* 257 AD2d 502, 503-505). Accordingly, the third-party complaint should have been dismissed insofar as it was asserted against Recreation (*see Oppenheim v One School St. Professional Corp.,* 263 AD2d 472; *Lattanzi v International Bus. Machs. Corp.,* 237 AD2d 259). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.