■ In the Matter of the Estate of FELICIA DeMARINIS, Also Known as FELICIA M. DeMARINIS, Deceased. FELICIA J. FUSSICHEN, Respondent; ROGER C. HUTCHEON, Appellant. [741 NYS2d 907] —In a contested probate proceeding, the objectant appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated February 13, 2001, which, upon, among other things, the granting of summary judgment to the proponent of the decedent's will, admitted the will to probate in its original form as the last will and testament of the decedent.

Ordered that the decree is affirmed, with costs payable by the objectant personally.

In a will contest, "[t]he proponent has the burden of proving that the testator possessed testamentary capacity and the court must look to the following factors: (1) whether [he or] she understood the nature and consequences of executing a will;

(2) whether [he or] she knew the nature and extent of the property she was disposing of; and (3) whether [he or] she knew those who would be considered the natural object of [his or] her bounty and her relations with them" (*Matter of Kumstar,* 66 NY2d 691, 692 [internal quotation marks omitted]).

In this case, the testimony of the drafter and the subscribing witnesses established a prima facie case that the decedent possessed testmentary capacity when she executed the will (*see* CPLR 3212 [b]). The draftsperson testified at a hearing pursuant to SCPA 1404 that the decedent was "absolutely" coherent in her conversations and one of the witnesses, a friend of the decedent for over 40 years, described the decedent as "very intelligent" and her demeanor at the time of the execution of the will as "fine."

The objectant's unsubstantiated allegations with respect to the issue of testamentary capacity were insufficient to raise a triable issue of fact (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *Matter of Rosen,* 291 AD2d 562). The other objections to the will, as well as the additional contentions advanced by the objectant, are likewise without merit. Therefore, the Surrogate's Court properly granted the petition and admitted the will to probate. Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.