◼ IWONA KRAKOWSKA, Respondent, v MALGORZTA NIKSA, Respondent, and ALEXANDER SALAS et al., Appellants. [749 NYS2d 55] —In an action to recover damages for personal injuries, the defendants Alexander Salas and ELRAC, Inc., appeal from an order of the Supreme Court, Kings County (Barron, J.), dated January 3, 2002, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

A vehicle owned and operated by the defendant Malgorzta Niksa hit the rear end of a rental car owned by the defendant ELRAC, Inc. (hereinafter ELRAC), and operated by the defendant Alexander Salas. The plaintiff was a passenger in Niksa's vehicle and sustained injuries from the collision. The Supreme Court denied the motion of the defendants Salas and ELRAC to dismiss the complaint and all cross claims insofar as asserted against them, finding that the plaintiff raised triable issues of fact. We disagree.

Salas and ELRAC established their prima facie entitlement to summary judgment. It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of liability against the moving vehicle and imposes a duty of explanation on its driver (*see Jeremic v Tong,* 283 AD2d 461; *Leonard v City of New York,* 273 AD2d 205). Here, the deposition testimony of Niksa established that she breached her duties to maintain a reasonably safe distance between her ve-

hicle and the car ahead of her, and to be aware of the traffic conditions which were readily observable (*see* Vehicle and Traffic Law § 1129 [a]; *Le Claire v Pratt,* 270 AD2d 612; *Rebecchi v Whitmore,* 172 AD2d 600).

Furthermore, we agree with Salas and ELRAC that those statements regarding the happening of the accident made by the plaintiff for the first time in her affidavit in opposition to the motion contradict her deposition testimony and constitute an attempt to raise a feigned factual issue designed to avoid the consequences of dismissal (*see Schortemeyer v K-Mart Corp.,* 272 AD2d 391; *Garvin v Rosenberg,* 204 AD2d 388).

The plaintiff's remaining contention is without merit, as the record establishes that the acts and omissions of Niksa were the sole proximate cause of the accident (*see Agramonte v City of New York,* 288 AD2d 75; *Kachuba v A & G Cleaning Servs.,* 273 AD2d 277). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.