■ In the Matter of HAROLD SCHER, Deceased. MARK SCHER et al., Respondents; MARC DENNIS SCHOLNICK, Appellant. [903 NYS2d 900]—

In a contested probate proceeding, the objectant, Marc Dennis Scholnick, ancillary executor of the estate of Leah Ruth Scher, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated September 9, 2008, as granted the cross motion of the petitioners, Mark Scher and David Scher, for summary judgment dismissing the objections to probate of a will, based on lack of testamentary capacity and undue influence, and admitted the subject will to probate.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent died on February 11, 2006, at the age of 89, survived by his spouse, Leah Ruth Scher (hereinafter Leah), and his two sons from a prior marriage (hereinafter the petitioners), who are the nominated co-executors appointed to administer the decedent's estate under a will dated July 12, 2005, which the petitioners propounded for probate. The subject will bequeathed to Leah an amount equal to her statutory elective share as the decedent's surviving spouse, and equally divided the residuary estate, along with the decedent's personal property, between his two sons. Leah subsequently died, and the objectant, Marc Dennis Scholnick, was appointed the ancillary executor of her estate.

The objectant filed objections to probate based on the decedent's alleged lack of testamentary capacity and the allegation that the will was the product of the petitioners' exercise of fraud and undue influence or that of other persons acting in concert with them.

The petitioners established that the decedent had testamentary capacity at the time he executed the propounded will by demonstrating that he understood the nature and consequences of making the will, the nature and extent of his property, and the natural objects of his bounty (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Malan*, 56 AD3d 479 [2008]; *Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Rosen*, 291 AD2d 562 [2002]). In opposition to the petitioners' prima facie showing, the objectant failed to raise a triable issue of fact (*see Matter of Kumstar*, 66 NY2d at 692; *Matter of Malan*, 56 AD3d 479 [2008]; *Matter of Tuccio*, 38 AD3d 791 [2007]; *Matter of Rosen*, 291 AD2d 562 [2002]).

In response to the petitioners' prima facie showing that the will was not the product of undue influence, the objectant failed to raise a triable issue of fact (*see Matter of Eastman*, 63 AD3d 738 [2009]; *Matter of Klingman*, 60 AD3d 949 [2009]). We note that, even assuming that the petitioners had a confidential relationship with the decedent because they cared for him during the last six months of his life, such relationship is counterbalanced by the close family relationship which existed between the decedent and the petitioners (*see Matter of Zirinsky*, 43 AD3d 946, 948 [2007]; *Matter of Swain*, 125 AD2d 574, 575 [1986]). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.