■ EVELYN POPALARDO, Respondent-Appellant, v JOHN MARINO, Appellant-Respondent. [922 NYS2d 158]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 18, 2010, as denied that branch of his motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the defendant's motion which was for leave to file a late motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff accompanied her adult daughter to her medical appointment with the defendant. After attending to the plaintiff's daughter, a nurse left the plaintiff and her daughter in the examination room. While waiting for the defendant to enter the examination room, the plaintiff, who had been sitting in a chair, decided to weigh herself on a scale in the room. The plaintiff allegedly sustained personal injuries when she fell and the scale fell on top of her.

The defendant moved for leave to file a late motion for sum-

mary judgment and for summary judgment dismissing the complaint. The plaintiff opposed the motion solely on the ground that it was untimely and requested additional time to submit opposition papers if the court considered the motion on the merits. The Supreme Court determined that the defendant had a good excuse for the de minimis delay but denied the motion without prejudice. The defendant appeals, and the plaintiff cross-appeals.

Pursuant to rule 13 of the Uniform Civil Term Rules of the Supreme Court, Kings County, a party is required to make its motion for summary judgment no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Kennedy v Bae*, 51 AD3d 980 [2008]). Here, the Supreme Court providently exercised its discretion in determining that the illness of the defendant's counsel during a portion of the relevant time period constituted good cause for the de minimis delay (*see Castro v Homsun Corp.*, 34 AD3d 616 [2006]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for leave to file a late motion for summary judgment.

As to the merits, the defendant submitted evidence sufficient to establish, prima facie, his entitlement to judgment as a matter of law. The defendant established, prima facie, that the scale was not defective (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d 561 [2010]; *Cole v Fun 4 All*, 293 AD2d 439 [2002]), that he had no duty to protect or warn against the condition of the scale which was open and obvious and not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]), and that he was not negligent in leaving the plaintiff in the examination room without a staff member (*see Hardman v Long Is. Urological Assoc.*, 253 AD2d 849 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the Supreme Court should have granted her an adjournment to submit papers opposing the substance of the motion is without merit. In opposing the motion for summary judgment, the plaintiff should have "laid bare *all* of [her] evidence" and arguments (*Caffee v Arnold*, 104 AD2d 352, 352 [1984]; *see Crawford v Liz Claiborne, Inc.*, 57 AD3d 270 [2008]; *Barrafato v Franzitta*, 308 AD2d 468 [2003]; *Mgrditchian v Donato*, 141 AD2d 513 [1988]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.