■ In the Matter of ROY L. GILMORE, SR., Also Known as ROY GILMORE and Another, Deceased. ANGELA MANNING, Respondent; ANDREA HOFLER, Appellant. [16 NYS3d 476]—In a contested probate proceeding, the objectant Andrea Hofler appeals from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated June 26, 2013, which granted the petitioner's motion for summary judgment dismissing her objections and admitting to probate the decedent's last will and testament.

Ordered that the order is affirmed, with costs.

The Surrogate's Court providently exercised its discretion in considering the petitioner's belated summary judgment motion. The petitioner's counsel established good cause for the delay by submitting an affidavit stating that he had been hospitalized and out of his office for a significant period of the relevant time (*see Castro v Homsun Corp.*, 34 AD3d 616, 617 [2006]; *see also Brill v City of New York*, 2 NY3d 648, 652 [2004]).

The Surrogate's Court properly determined that the motion was not premature pursuant to CPLR 3212 (f), since the objectant Andrea Hofler failed to show that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Anzel v Pistorino*, 105 AD3d 784, 786 [2013]).

Finally, the Surrogate's Court properly granted the petitioner's motion for summary judgment dismissing Hofler's objections and admitting to probate the decedent's last will and testament. The petitioner established her prima facie entitlement to judgment as a matter of law and, in opposition, Hofler failed to raise a triable issue of fact (*see Matter of DeMarinis*, 294 AD2d 436, 436-437 [2002]; *Matter of Rosen*, 291 AD2d 562, 562-563 [2002]; *Matter of Bustanoby*, 262 AD2d 407, 408 [1999]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.