Lee v Nassau Health Care Corp. (2018 NY Slip Op 03957)





Lee v Nassau Health Care Corp.


2018 NY Slip Op 03957


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-07873
2015-10540
 (Index No. 12372/12)

[*1]Bik-Lung Lee, etc., appellant, 
v
Nassau Health Care Corp., doing business as Nassau University Medical Center, respondent.


Alpert, Slobin & Rubenstein, LLP (Norman A. Olch, New York, NY, of counsel), for appellant.
Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert G. Vizza and Douglas Langholz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from two orders of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 9, 2015, and dated September 16, 2015, respectively. The order entered June 9, 2015, granted the defendant's motion, in effect, to deem its motion for summary judgment dismissing the complaint to have been timely made, and thereupon granted the defendant's motion for summary judgment dismissing the complaint. The order dated September 16, 2015, denied the plaintiff's motion for leave to renew or reargue its opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from so much of the order dated September 16, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507); and it is further,
ORDERED that the appeal from so much of the order dated September 16, 2015, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order entered June 9, 2015; and it is further,
ORDERED that the order entered June 9, 2015, is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order entered June 9, 2015, is affirmed; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
On July 17, 2011, the plaintiff's 84-year-old father, Kar Fou Lee (hereinafter the decedent), was found on the floor in his home. That day, the decedent was taken to the defendant hospital (hereinafter the hospital), where he was diagnosed with comminuted fractures of his nasal bones and orbital bones in his face, as well as intraorbital hematomas. The decedent was admitted to the hospital for treatment, during which time he went into cardiac arrest. He died on February 10, 2012, and the plaintiff subsequently commenced this action, inter alia, to recover damages for medical malpractice and wrongful death.
At a deposition, Jim Belotte, a resident physician in general surgery at the hospital, testified that he gave the decedent 5 mg of morphine at about 9:30 a.m. on July 19, 2011. Belotte also testified that he gave the decedent between .5 mg and 1 mg of Ativan shortly thereafter to keep the decedent calm during a CAT scan. At 10:05 a.m., the decedent went into cardiac arrest. He was resuscitated with chest compression and intubation. The decedent was given Flumazenil, an antidote for Ativan. At a deposition, Sameer Gupta, who was the chief resident in the hospital's surgical intensive care unit when the decedent was treated, testified that, during the decedent's cardiac arrest, Belotte told Gupta that he had given the decedent Ativan. Gupta testified that Belotte did not tell him that the decedent had been given morphine. Gupta further testified that he consulted with the attending cardiologist, who told Gupta that the decedent experienced "likely secondary oversedation, morphine/Ativan." The cardiologist wrote in her July 19, 2011, consultation report that the decedent had developed renal failure. The cardiologist's report also indicated that the decedent received 2 mg of Ativan.
By notice of motion dated December 1, 2014, and served December 2, 2014, the hospital moved for summary judgment dismissing the complaint. By notice of motion dated December 10, 2014, the hospital moved, in effect, to deem its motion for summary judgment to have been timely made. In support of its motion for summary judgment dismissing the complaint, the hospital submitted the affirmation of an expert physician who was board certified in internal medicine. The hospital's expert opined that the hospital's physicians adhered to accepted practices in administering both morphine and Ativan, because, contrary to the plaintiff's contention, the decedent was not in renal failure when the morphine was administered, and because the .5 mg dose of Ativan administered to the decedent was the smallest possible dose. The expert further opined that the combination of morphine and Ativan did not cause the decedent's cardiac arrest. In opposition, the plaintiff submitted an unsigned affirmation from which the identity of the expert anesthesiologist was redacted.
In an order entered June 9, 2015, the Supreme Court granted both motions, finding, inter alia, that the plaintiff's expert affirmation was insufficient to raise a triable issue of fact, because the plaintiff failed to offer any explanation as to why she redacted the expert's identity. The plaintiff appeals.
We agree with the Supreme Court's determination granting the hospital's motion, in effect, to deem its motion for summary judgment, made one day late, to have been timely made. The hospital's counsel established good cause for the delay by submitting an affirmation stating that he was called out of the office for a family emergency the day the motion was due (see Matter of Gilmore, 131 AD3d 1058; Stimson v E.M. Cahill Co., Inc., 8 AD3d 1004, 1005; cf. Milano v George, 17 AD3d 644, 645; see generally Brill v City of New York, 2 NY3d 648).
The Supreme Court erred, however, in granting the hospital's motion for summary judgment dismissing the complaint. "In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries. On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Leavy v Merriam, 133 AD3d 636, 637 [citations omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320; Novick v South Nassau Communities Hosp., 136 AD3d 999).
Here, the hospital's submissions failed to eliminate triable issues of fact regarding whether the decedent was in renal failure during the relevant time period, and whether it was a departure from accepted medical practices to prescribe morphine to a patient with renal failure. The hospital's submissions further failed to eliminate triable issues of fact regarding the dosage of Ativan given to the decedent, and whether this dosage was within accepted medical practices. Moreover, the expert physician's opinion that the combination of morphine and Ativan did not cause the decedent's cardiac arrest was conclusory. Thus, the Supreme Court should have denied the hospital's motion for summary judgment dismissing the complaint.
Since the hospital did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are not properly before this Court or have been rendered academic in light of our determination.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court