Gonzalez v Pearl (2020 NY Slip Op 00106)





Gonzalez v Pearl


2020 NY Slip Op 00106


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09514
 (Index No. 12522/14)

[*1]Allen Gonzalez, et al., respondents, 
v
Richard Pearl, etc., et al., appellants, et al., defendants.


Halperin & Halperin, P.C., New York, NY (Steven T. Halperin and James Irish of counsel), for appellant Richard Pearl.
Gerspach Sikoscow, LLP, New York, NY (Cameron W. Brown of counsel), for appellant Alan Saber.
Sanocki Newman & Turret, LLP, New York, NY (Carl B. Tegtmeier and David B. Turret of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants Richard Pearl and Alan Saber separately appeal from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated July 20, 2016. The order, insofar as appealed from, (1) granted those branches of the plaintiffs' motion which were to reject, as untimely, those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) denied, as academic, those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendants Richard Pearl and Alan Saber (hereinafter together the defendants), alleging that the defendants committed medical malpractice by failing to remove a prosthetic femoral head that was lost in the injured plaintiff's body during a hip replacement surgery. Following discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Rather than file opposition papers, the plaintiffs moved by order to show cause, among other things, to reject those motions as untimely.
In an order dated July 20, 2016, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were to reject the defendants' separate motions as untimely, and denied those motions as academic. The defendants separately appeal.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see CPLR 3212[a]). In Kings County, "a party is required to make its motion for summary judgment [*2]no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown" (Popalardo v Marino, 83 AD3d 1029, 1030; see Kennedy v Bae, 51 AD3d 980, 981).
Here, the defendants' separate motions for summary judgment were untimely because they were not served within 60 days after the filing of the note of issue. Further, the court providently exercised its discretion in determining that the defendants failed to establish good cause to excuse their delays (see CPLR 3212[a]; Luciano v H.R.H. Constr., LLC, 89 AD3d 578, 579; Giudice v Green 292 Madison, LLC, 50 AD3d 506).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiffs' motion which were to reject, as untimely, the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. In light of the foregoing, we also agree with the court's determination to deny, as academic, the defendants' motions (see Luciano v H.R.H. Constr., LLC, 89 AD3d at 579).
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court