Munoz v Agenus, Inc. (2022 NY Slip Op 04636)

Munoz v Agenus, Inc.

2022 NY Slip Op 04636

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-06390
 (Index No. 1829/16)

[*1]Candido Munoz, respondent,
v
Agenus, Inc., et al., appellants.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Kevin R. McNiff and Morgann C. McCarthy of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated July 7, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after a vehicle operated by the defendant Robert Benjamin Stein and owned by the defendant Agenus, Inc., struck the rear of a vehicle owned and operated by the plaintiff. The plaintiff moved for summary judgment on the issue of liability. In an order dated July 7, 2020, the Supreme Court granted the plaintiff's motion. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court, in effect, properly determined that the plaintiff demonstrated good cause for untimely moving for summary judgment more than 60 days after the note of issue was filed and addressed the plaintiff's motion on the merits. CPLR 3212(a) grants a court "'considerable discretion to fix a deadline for filing summary judgment motions,' so long as the deadline is not 'earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown'" (Gonzalez v Pearl, 179 AD3d 645, 645-646, quoting Brill v City of New York, 2 NY3d 648, 651). "In Kings County, 'a party is required to make its motion for summary judgment no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown'" (Gonzalez v Pearl, 179 AD3d at 646, quoting Popalardo v Marino, 83 AD3d 1029, 1030). Here, the plaintiff established good cause for the delay in making the motion by demonstrating that the note of issue was filed while there was significant discovery outstanding which was essential to the motion, namely the depositions of himself and Stein, and that the motion was filed just one week after the discovery was completed (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124; Taormina-Fucci v 100-02 Rockaway Blvd. 26, LLC, 201 AD3d 766; Kung v Zheng, 73 AD3d 862).
On the merits, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. "'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Grier-Key v Lyons, 195 AD3d 798, 799, quoting Witonsky v New York City Tr. Auth., 145 AD3d 938, 939 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). Thus, "'a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision'" (Pollet v Charyn, 200 AD3d 728, 730, quoting Drakh v Levin, 123 AD3d 1084, 1085). "'A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances'" (Drakh v Levin, 123 AD3d 1084, 1085, quoting D'Agostino v YRC, Inc., 120 AD3d 1291, 1292 [internal quotation marks omitted]). "Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows'" (Martin v County of Westchester, 194 D3d 1036, 1036-1037, quoting Le Grand v Silberstein, 123 AD3d 773, 775 [internal quotation marks omitted]; see Pollet v Charyn, 200 AD3d 728; Buchanan v Keller, 169 AD3d 989, 992).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through the deposition testimonies of himself and Stein, which demonstrated that the plaintiff's vehicle had stopped in the roadway for a traffic condition in front of a gas station when it was struck in the rear by the vehicle operated by Stein (see Pollet v Charyn, 200 AD3d 728; Martin v County of Westchester, 194 AD3d at 1036-1037; Buchanan v Keller, 169 AD3d 989; Lopez v Dobbins, 164 AD3d 776; Krakowska v Niksa, 298 AD2d 561). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Auguste v Jeter, 167 AD3d 560). Contrary to the defendants' contention, Stein's affidavit submitted in opposition to the plaintiff's motion was insufficient to demonstrate that the plaintiff's stop, even if sudden, was unforeseeable given the traffic conditions or that the accident was otherwise unavoidable so as to rebut the inference of negligence (see Drakh v Levin, 123 AD3d 1084; Krakowska v Niksa, 298 AD2d 561). Stein's statements in the affidavit regarding the traffic conditions in the roadway contradicted his earlier deposition testimony and only raised a feigned issue of fact regarding the happening of the accident (see Fonck v City of New York, 198 AD3d 874; Krakowska v Niksa, 298 AD2d 561).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court