Tyorkin v New Jersey Mfrs. Ins. Group (2022 NY Slip Op
51234(U))

[*1]

Tyorkin v New Jersey Mfrs. Ins. Group

2022 NY Slip Op 51234(U) [77 Misc 3d 131(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-481 K C

Maxim Tyorkin, M.D., as Assignee
of Silva Chander Rogerio, Appellant, 
against
New Jersey Manufacturers Insurance Group, Respondent.

Law Office of Marina Josovich, P.C. (Marina Josovich of counsel), for appellant.
Litchfield Cavo, LLP (Mark A. Everett of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered November 25, 2019. The order, insofar as appealed from
as limited by the brief, denied the branch of plaintiff's motion seeking leave to renew his
prior motion for summary judgment and his opposition to the branch of defendant's cross
motion seeking summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In an action by a provider to recover assigned first-party no-fault benefits, by order
entered June 21, 2019, the Civil Court (Odessa Kennedy, J.) denied plaintiff's motion for
summary judgment and granted the branch of defendant's cross motion seeking summary
judgment dismissing the complaint. Plaintiff appeals from an order of the Civil Court
(Odessa Kennedy, J.) entered November 25, 2019, which, insofar as appealed from,
denied the branch of his motion seeking leave to renew his prior motion and his
opposition to defendant's cross motion.
A motion for leave to renew must "be based upon new facts not offered on the prior
motion that would change the prior determination" (CPLR 2221 [e] [2]) and must
"contain [*2]reasonable justification for the failure to
present such facts on the prior motion" (CPLR 2221 [e] [3]; see Kugler v Kugler,
174 AD3d 876, 877 [2019]). Contrary to plaintiff's contention, he failed to demonstrate
any basis upon which to grant him leave to renew, since the affidavits he submitted in
support of his motion asserted no new facts, and, in any event, he failed to provide a
reasonable justification for failing to submit the affidavits in support of his original
motion for summary judgment and in opposition to defendant's cross motion for
summary judgment. "Plaintiff should have laid bare all of his evidence on the original
motion" (Caffee v Arnold, 104 AD2d 352, 352 [1984]; see Popalardo v
Marino, 83 AD3d 1029, 1030 [2011]; Mgrditchian v Donato, 141 AD2d 513
[1988]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022