Genao v Cassetta (2023 NY Slip Op 01078)

Genao v Cassetta

2023 NY Slip Op 01078

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-03638
 (Index No. 607293/19)

[*1]Yedcenia Genao, appellant, 
v
Anthony Cassetta, et al., respondents.

Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 4, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when her vehicle was struck in the rear by a vehicle operated by the defendant Anthony Cassetta and owned by the defendant L.B. Kitchen Equipment Co., Inc., on Sunrise Highway in Nassau County. The plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order entered March 4, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). Thus, "a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Pollet v Charyn, 200 AD3d 728, 730 [internal quotation marks omitted]; see Munoz v Agenus, Inc., 207 AD3d 643, 645). "[A]n assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Gil v Manhattan Beer Distribs., LLC, 207 AD3d 525, 526 [internal quotation marks omitted]; see Thompson v New York City Tr. Auth., 208 AD3d 815; Brothers v Bartling, 130 AD3d 554, 556).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that her vehicle was stopped for a traffic condition ahead when it was struck in the rear by the defendants' vehicle (see Munoz v Agenus, Inc., 207 AD3d at 645; Martin v County of Westchester, 194 AD3d 1036, 1037; Diamond v Comins, 194 AD3d 784, 785). In opposition, the [*2]defendants failed to raise a triable issue of fact. The defendants' assertion that it was a sudden stop of the plaintiff's vehicle that caused the accident was insufficient, in and of itself, to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the rear-end collision (see Gil v Manhattan Beer Distribs., LLC, 207 AD3d at 526; Auguste v Jeter, 167 AD3d 560, 560-561; Hackney v Monge, 103 AD3d 844, 845).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court