## Walters v Trump Vil. Apts. Two Owner LLC

2024 NY Slip Op 30322(U)

January 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 519739/2018

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 25th day of January
2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------------X

ERNEST WALTERS,

                              Plaintiff,

                -against-

TRUMP VILLAGE APARTMENTS TWO OWNER LLC
and APARTMENT MANAGEMENT ASSOCIATES LLC,

                            Defendants.

--------------------------------------------------------------------------X

Index No. 519739/2018

**DECISION & ORDER**

    Recitation, as required by CPLR §2219 [a], of the papers considered on the notice of motion filed on February 2, 2023, under motion sequence three, by defendants Trump Village Apartments Two Owner LLC and Apartment Management Associates LLC (hereinafter the movants) for an order: (1) pursuant to CPLR §3212 granting summary judgement in their favor on the issue of liability and dismissing the verified complaint of plaintiff Ernest Walters; and (2) pursuant to CPLR § 3126 (2) precluding the plaintiff from offering any evidence or testimony adduced from his children and grandchildren in opposition to the instant motion and at the time of trial. The motion is opposed.

-Notice of motion
-Statement of material facts
-Affirmation in support
        Exhibits A-H
-Affirmation in opposition
-Counter statement of material facts
-Affirmation in reply

**BACKGROUND**

    On October 1, 2018, plaintiff commenced the instant action for damages for personal injury by filing a summons and verified complaint with the Kings County Clerk's office. On

[* 1]

November 3, 2018, the defendants joined issue by interposing and filing a joint verified answer. On October 6, 2022, the plaintiff filed a note of issue.

Plaintiff's verified complaint and bill of particulars alleges the following salient facts. On August 10, 2016, plaintiff was caused to slip and fall (hereinafter the subject accident) on a slippery condition on the interior staircase of the premises located at 3000 Ocean Parkway, County of Kings, State of New York. The premises is owned by defendant, Trump Village Apartments Two Owner LLC, and managed by defendant Apartment Management Associates LLC. The premises is a multiple residential dwelling, and the plaintiff is a resident of apartment 9M where he resides with his grandchildren. The defendants were negligent in the ownership operation and management of the subject premises by allowing the unsafe condition to exist. The defendants' negligence caused the subject accident and the plaintiff's physical injuries.

**LAW AND APPLICATION**

Under Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6, a party is required to make its motion for summary judgment no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown (*Popalardo v. Marino,* 83 AD3d 1029, 1030 [2d Dept. 2011]; see *Kennedy v. Bae,* 51 AD3d 980, 981 [2d Dept. 2008]; *Gonzalez v. Pearl,* 179 AD3d 645[2d Dept 2020]). The Court of Appeals has stated that a showing of good cause for the delay in filing a motion for summary judgment is required by CPLR 3212(a). See *Brill v. City of New York,* 2 NY3d 648, 652 [2004]; *See Matter of Gilmore,* 131 AD3d 1058 [2d Dept. 2015]).

[* 2]

Plaintiff filed a note of issue on October 6, 2022, and the defendants made the instant motion for summary judgment on February 2, 2023. Defendant's motion for summary judgement is denied as untimely. The motion for summary judgement was made more than 60 days past the filing of the note of issue and the defendants failed to provide good cause for the untimely motion pursuant to *Brill v. City of New York*, 2 N.Y.3d 648 [2004]).

The defendant also seeks an order pursuant to CPLR 3126 (2) precluding plaintiff from offering any evidence and or testimony adduced from his children and grandchildren in opposition to the instant motion and at the time of trial. Pursuant to CPLR 3126, a court may issue an order prohibiting a disobedient party ... from producing in evidence ... items of testimony or striking out pleadings as a sanction against a party who refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed (*Castillo v. Charles,* 210 A.D.3d 625, 626 [2nd Dept 2022]). Pursuant to 22 NYCRR 202.7(a), a motion relating to disclosure must be accompanied by an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. The affirmation shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions or shall indicate good cause why no such conferral with counsel for opposing parties was held (22 NYCRR 202.7[c]). Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion (*Winter v. ESRT Empire State Bldg., LLC,* 201 A.D.3d 842, 843–44 [2nd Dept 2022]).

The Court need not address that branch of the motion by the defendants to preclude evidence and or testimony adduced from the plaintiff's children and grandchildren in

[* 3]

opposition to the instant motion. The plaintiff has opposed the motion on procedural grounds and did not offer any evidence or testimony adduced from his children or grandchildren.

The request to preclude this type of evidence at trial is denied because the defendants did not submit an affirmation of their good faith efforts to resolve the disclosure dispute as required by 22 NYCRR 202.7(a) and (c). Moreover, the defendants' submission did not demonstrate that the plaintiff or the plaintiff's children or grandchildren willfully or contumaciously refused to comply with an order to disclose.

**CONCLUSION**

The branch of the motion by defendants Trump Village Apartments Two Owner LLC and Apartment Management Associates LLC for an order pursuant to CPLR §3212 granting summary judgement in their favor on liability and dismissing the complaint is denied as untimely.

The branch of the motion by defendants Trump Village Apartments Two Owner LLC and Apartment Management Associates LLC for an order pursuant to CPLR § 3126 (2) precluding plaintiff from offering any evidence and/or testimony adduced from his children and grandchildren in opposition to the instant motion and at the time of trial is denied.

The foregoing constitutes the decision and order of this Court.

ENTER: _____
François A. Rivera

J.S.C.

[* 4]