Chowdhury v Elshaer (2024 NY Slip Op 06603)

Chowdhury v Elshaer

2024 NY Slip Op 06603

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-01739
 (Index No. 525043/18)

[*1]Fabiha F. Chowdhury, appellant, 
v
Mohamed Elshaer, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Mohamed Elshaer and Gaber Elnaggar.
Maroney O'Connor LLP, New York, NY (James Koblenzer of counsel), for respondent Majharul Chowdhury.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated January 6, 2023. The order granted the motion of the defendants Mohamed Elshaer and Gaber Elnaggar, and the separate motion of the defendant Majharul Chowdhury, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the cross-motion of the plaintiff for summary judgment on the issue of liability against the defendants Mohamed Elshaer and Gaber Elnaggar.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion of the defendants Mohamed Elshaer and Gaber Elnaggar, and the separate motion of the defendant Majharul Chowdhury, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied, and the cross-motion of the plaintiff for summary judgment on the issue of liability against the defendants Mohamed Elshaer and Gaber Elnaggar is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when a vehicle operated by the defendant Majharul Chowdhury, in which the plaintiff was a passenger, was struck in the rear by a vehicle owned by the defendant Mohamed Elshaer and operated by the defendant Gaber Elnaggar. Elshaer and Elnaggar moved, and Chowdhury separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff cross-moved for summary judgment on the issue of liability against Elshaer and Elnaggar. In an order dated January 6, 2023, the Supreme Court granted the defendants' separate motions and denied, as academic, the [*2]plaintiff's cross-motion. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). However, the plaintiff correctly contends that, in opposition, she raised a triable issue of fact as to whether the alleged injuries to the lumbar region of her spine were caused by the accident (see Diamond v Comins, 219 AD3d 973, 974; Rodriguez v Frederick, 206 AD3d 774, 775; Ramirez v L-T. & L. Enter., Inc., 189 AD3d 1636, 1638). Accordingly, the court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
The Supreme Court denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability against Elshaer and Elnaggar. Since the merits of the cross-motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the cross-motion in the interest of judicial economy (see Skeldon v Faessler, 219 AD3d 851, 853).
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Abramov v Martinez, 224 AD3d 794, 796). "[A]n assertion that the lead vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the operator of the rear vehicle" (Genao v Cassetta, 214 AD3d 626, 627 [internal quotation marks omitted]).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the vehicle owned by Elshaer and operated by Elnaggar struck Chowdhury's vehicle in the rear, and in opposition, Elshaer and Elnaggar failed to raise a triable issue of fact. Contrary to Elshaer and Elnaggar's contention, although a police report recounted Elnaggar's statement that Chowdhury's vehicle stopped suddenly prior to the rear-end collision, this statement was insufficient, in and of itself, to raise a triable issue of fact as to whether there was a nonnegligent explanation for the happening of the collision (see id.; Mahmud v Ouyang, 208 AD3d 861, 862; McRae v City of New York, 208 AD3d 775, 776). Accordingly, the Supreme Court should have granted the plaintiff's cross-motion for summary judgment on the issue of liability against Elshaer and Elnaggar.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court